**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RENEE HUENEFELD,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) Case No.: | |
| v.           ) | |
| ) COMPLAINT AND DEMAND FOR | |
| AUDUBON FINANCIAL BUREAU, LLC, ) JURY TRIAL | |
| ) | |
| Defendant.           ) (Unlawful Debt Collection Practices) | |
| ) | |
| ) | |

RENEE HUENEFELD, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AUDUBON FINANCIAL BUREAU, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Illinois, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Forreston, Illinois 61030.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Upon information and belief, Audubon Financial Bureau, LLC is a limited liability company with its principal place of business located at 200 John James Audubon Parkway, Suite 300, Amherst, NY 14228.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect an alleged consumer debt from an installment loan.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes, as Plaintiff has no business debt

12. Between March 2013 and April 2013, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone and to Plaintiff's place of employment in its attempts to collect this alleged debt.

13. During this timeframe, Defendant contacted Plaintiff on average one (1) to two (2) times per day.

14. Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from of the alleged debt.

15. Further, during its communications with Plaintiff, Defendant has threatened to take legal action against Plaintiff.

16. Upon information and belief, Defendant has not filed suit against Plaintiff and never had any intention of filing suit against Plaintiff.

17. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT I
## DEFENDANT VIOLATED §1692c(a)(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

2. A debt collector violates §1692c(a)(3) by contacting a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

3. Here, Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff's place of employment when it had reason to know personal calls were prohibited by Plaintiff's employer.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

18. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

19. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §§ 1692 and 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

4. A debt collector violates §1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

5. A debt collector violates §1692e(5) by making the threat to take any action that cannot legally be taken or that is not intended to be taken..

6. Here, Defendant violated §§1692e and 1692e(5) of the FDCPA by threatening to take legal actions against Plaintiff without the intent to do so, and by using other false, deceptive, or misleading representations and means to attempt to collect the alleged debt.

## COUNT V
## DEFENDANT VIOLATED §§ 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

20. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

21. Defendant violated §1692f of the FDCPA by contacting Plaintiff's place of employment when it had reason to know personal calls were prohibited by Plaintiff's employer, when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff, when it threatened to take legal action against Plaintiff without the intent to do so, when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt, and when it used other unfair and unconscionable means to attempt to collect a debt.

# COUNT IV
# DEFENDANT VIOLATED §1692g(a) OF THE
# FAIR DEBT COLLECTION PRACTICES ACT

22.  A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, with five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23.  Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, RENEE HUENEFELD, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

      d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RENEE HUENEFELD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 2/24/2014

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff, Esq.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com
    Attorney for the Plaintiff